```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

---

```
                                ∬
ROBERT DEANGELO DALE,           ∬
                                ∬
        Plaintiff,              ∬
                                ∬
vs.                             ∬      No. 06-2228-B/V
                                ∬
SHELBY COUNTY, et al.,          ∬
                                ∬
        Defendants.             ∬
                                ∬
                                ∬
```

---

ORDER ASSESSING $350 CIVIL FILING FEE
ORDER OF DISMISSAL
ORDER DENYING APPOINTMENT OF COUNSEL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

Plaintiff Robert Deangelo Dale, booking number 4132396, an inmate at the Shelby County Criminal Justice Complex ("Jail")[1] in Memphis, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on April 12, 2006, along with a motion seeking appointment of counsel.[2] The Clerk shall record the defendants as Shelby County,[3] Officer Wilhite, and Officer Bucihanan.

---

[1]    The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

[2]    The docket states, incorrectly, that the complaint was filed on April 13, 2006.

[3]    The Court construes the allegations about the Shelby County Jail as an attempt to assert a claim against Shelby County.

I.   <u>Assessment of Filing Fee</u>

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $350 required by 28 U.S.C. § 1914(a).[4] The <u>in forma pauperis</u> statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has properly completed and submitted an <u>in forma pauperis</u> affidavit and a certified copy of his trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw

---

[4]    Effective April 9, 2006, the civil filing fee increased from $250 to $350.

2

those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $350.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Jail Director to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II.  Analysis of Plaintiff's Claims

The complaint alleges that, on July 25, 2005, an inmate named Cox told a corrections officer that if the plaintiff was not moved he was going to kill him. Plaintiff asked to be moved, but he asserts that the officer treated Cox's statement as a joke. Plaintiff contends he should not have been housed with Cox, who was allegedly serving state and federal sentences of one hundred forty (140) years, was previously housed in a high risk area, and who has gang connections. Cox allegedly attacked the plaintiff and tried to cut his throat with a razor, bit his arm, and punched and stomped on him.

The complaint does not articulate the relief sought by the plaintiff.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a district court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies.

4

Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Id. at 642; see also Boyd v. Corrections Corp. of Am., 380 F.3d 989, 985-96 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison officials fail to respond in a timely manner to a grievance), cert. denied, 544 U.S. 920 (2005); Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the

5

prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust those remedies during the pendency of the action. <u>Freeman v. Francis</u>, 196 F.3d 641, 645 (6th Cir. 1999). Finally, the Sixth Circuit has held that district courts are required to dismiss a complaint in its entirety, pursuant to 42 U.S.C. § 1997e(a), that contains any unexhausted claims. <u>Jones Bey v. Johnson</u>, 407 F.3d 801, 805-09 (6th Cir. 2005); <u>see also</u> <u>Rinard v. Luoma</u>, 440 F.3d 361 (6th Cir. 2006) (prisoner may not amend his complaint to delete defendants against whom claims have not been exhausted).

   The plaintiff has not satisfied his burden of demonstrating, through particularized averments, that he exhausted his claims in this case. The plaintiff has not attached any copies of grievances or responses to grievances. The complaint alleges that the plaintiff filed a grievance, but does not state whether both of the individual defendants were named in the grievance, as required by <u>Moorer v. Price</u>, 83 Fed. Appx. 770, 772 (6th Cir. Dec. 9, 2003) (plaintiff did not exhaust claim against warden because his grievance did not identify the warden or articulate any claim against her); <u>Thomas v. Woolum</u>, 337 F.3d 720, 733-34 (6th Cir. 2003); and <u>Curry</u>, 249 F.3d at 504. Moreover, although the complaint alleges that "[t]he grievance came back grievable," the plaintiff does not set forth the ultimate outcome of his grievance and does not state whether he pursued his grievance through the complete appeal process.

The Sixth Circuit has stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed <u>sua</u> <u>sponte</u>." <u>Baxter</u>, 305 F.3d at 489. Accordingly, the Court DISMISSES the complaint, without prejudice, pursuant to 42 U.S.C. § 1997e(a).[5] In light of the dismissal of the complaint, the motion for appointment of counsel is DENIED as moot.

III. <u>Appeal Issues</u>

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision <u>in</u> <u>forma</u> <u>pauperis</u>. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken <u>in</u> <u>forma</u> <u>pauperis</u> if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. <u>Id.</u> Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal <u>in</u> <u>forma</u> <u>pauperis</u>. <u>See</u> <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case

_____

[5]    As the Sixth Circuit has explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." <u>Baxter</u>, 305 F.3d at 489.

for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[6] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

IT IS SO ORDERED this 5th day of May, 2006.

> s/ J. DANIEL BREEN
> UNITED STATES DISTRICT JUDGE

---

[6]     Effective April 9, 2006, the appellate filing fee increased from $255 to $455.

8